UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEBORAH C., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:20-CV-469-JVB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Deborah C. seeks judicial review of the Social Security Commissioner's decision denying her applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's November 6, 2018, applications for benefits, she alleged that she became disabled on July 26, 2018. After an April 16, 2020 hearing, the Administrative Law Judge (ALJ) issued her decision on May 27, 2020, and found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine and obesity. (AR 19). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to lift, carry, push and/or pull 10 pounds occasionally and less than 10 pounds frequently. She can stand and/or walk for 2 hours in an 8-hour work day and sit for 6 hours in an 8-hour work day, with the option to stand for 5 minutes each hour while still remaining at the work station. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel crouch, and crawl. [The]

claimant can never work at unprotected heights. No concentrated exposure to extreme cold or vibration.

(AR 21). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was able to perform the representative occupations of dial marker, table worker, and ink printer. (AR 27). Accordingly, the ALJ found Plaintiff to be not disabled from July 26, 2018, through May 27, 2020, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether she can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ erred in rendering an incomplete RFC assessment and in evaluating Plaintiff's subjective symptoms.

### A. RFC Assessment

At step four of the sequential evaluation, an ALJ must assess a claimant's residual functional capacity, also called the RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite her limitations."); *see also* 20 C.F.R. § 404.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3). According to the regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies of ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7. Although ALJs are not required to discuss every piece of evidence, they must consider all of the evidence that is relevant to the disability determination and provide enough analysis in their decisions to permit meaningful judicial review. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young*, 362 F.3d at 1002. In other words, an ALJ must build an "accurate and logical bridge from the evidence to [their] conclusion." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ must also consider the combination of impairments, as the impairments in combination "might well be totally disabling" even if the impairments alone may not be serious. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).

3

Here, the ALJ found that Plaintiff could perform a range of sedentary work with the option to stand for five minutes per hour while remaining at the workstation. Plaintiff maintains that the ALJ did not sufficiently explain how this limitation adequately accounts for the limiting effects of Plaintiff's lumbar radiculopathy. In his decision, the ALJ did not determine whether the lumbar radiculopathy was a medically determinable impairment and, if so, whether it was severe, even though Plaintiff's diagnosis of lumbar radiculopathy was noted in the record several times between July 31, 2018, and January 29, 2020. (AR 305-06, 327-28, 344-45, 382, 464, 468).

The ALJ addressed all of the postural and environmental limitations in Plaintiff's RFC together, supporting his decision with Plaintiff's treatment history (which he deemed conservative), lack of edema and atrophy, gait (which was sometimes normal and sometimes antalgic), range of motion (which was sometimes normal and sometimes decreased, strength (which was mostly full), and the ability to walk without an assistive device. (AR 24).

The ALJ failed to note that Plaintiff's treating anesthesiologist, Dr. Ibrahim, reported on September 11, 2019, that Plaintiff had failed physical therapy, epidural injections, and medications. (AR 464). Dr. Ibrahim specifically noted, "I think she has exhausted conservative treatment." *Id.* This calls into question the ALJ's reliance on Plaintiff's supposedly conservative treatment history in supporting the RFC.

Further, Plaintiff testified to the need to change her position between sitting, standing, and walking. (AR 64, 72-75). Medical providers recognized Plaintiff's difficulty in maintaining a single position for an extended length of time. (AR 305, 309, 344). The ALJ acknowledged Plaintiff's testimony that she cannot sit, stand, or walk for too long, specifically that she could sit for 5-10 minutes in a hard chair, 15-20 minutes in a cushioned chair, or 30 minutes to an hour in a soft chair, and she could stand for 15-20 minutes in one spot. (AR 22).

4

Simply put, the ALJ's analysis is insufficient regarding his finding that Plaintiff is able to perform fulltime work that involves sitting for 6 out of 8 hours with only 5 minute standing breaks each hour. The ALJ did not specifically address this aspect of the RFC in isolation, instead combining his brief analysis of all of Plaintiff's environmental and postural limitations into one paragraph. Considering the amount of evidence in the record regarding Plaintiff's alleged need to alter her posture at short intervals, the ALJ did not provide enough analysis in his decision to permit meaningful judicial review of the rejection of Plaintiff's complaints regarding sitting or standing for long periods of time. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young*, 362 F.3d at 1002. Remand is required.

### B. Other Matters

Plaintiff argues that the ALJ gave no specific reasons for his finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms was not entirely consistent with the medical evidence and other evidence of record. The Court reminds the ALJ of the Seventh Circuit Court of Appeals' directive that a logical bridge must be built from the evidence to the conclusion.

The ALJ neglected to consider the Third Party Function Report submitted on Plaintiff's behalf by her friend Dianna Polk, which generally corroborated Plaintiff's own statements of her abilities and limitations. "Although a written evaluation of each piece of evidence or testimony is not required, neither may the ALJ select and discuss only that evidence that favors his ultimate conclusion." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) (citing Orlando v. Heckler, 776 F.2d 209, 213 (7th Cir.1985)) (internal citation omitted). The Court reminds the ALJ of his duty to not cherry-pick the evidence.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 19], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on June 24, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
